MARTÍNEZ, PLAINTIFF AND APPELLANT, *v.* SUCCESSION OF AROCENA ET AL., DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Aguadilla in an Action for the Execution of a Deed and for Damages.

No. 1375.—Decided January 20, 1916.

PLEADING—AMENDMENT OF COMPLAINT—LEAVE OF COURT—ANSWER—DEMURRER.— According to the construction placed upon section 139 of the Code of Civil Procedure in the present case, a plaintiff has a right as of course to amend his complaint before answer or demurrer and even after demurrer, but not after a ruling on the demurrer; for after an issue of law is submitted to the court the plaintiff cannot amend his complaint without leave of the court, which is almost invariably granted after a demurrer has been sustained.

ID.—AMENDMENT OF COMPLAINT.—If a plaintiff amend his complaint as of course when he should have obtained leave of the court, such amended complaint has no legal force as a pleading, and the court may order it to be stricken from the record.

The facts are stated in the opinion.

The appellant appeared *pro se.*

*Mr. Simón Largé* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

On February 17, 1914, Víctor P. Martínez y González filed a complaint in the District Court of Aguadilla. The defendants demurred, the demurrer was sustained, and on May 4, 1914, the complainant filed an amended complaint. A demurrer was filed to the amended complaint and sustained, whereupon the complainant, again by leave of court, filed a second amended complaint on June 30, 1914. The defendants

answered the second amended complaint and it was filed in the office of the secretary on July 9, 1914.

We gather from the record that the parties being at issue the case was calendared for trial. On June 1, 1915, the district court made an order wherein it recited that as the complainant had made a motion to postpone the case because he had not been notified of the trial; the case should be transferred to June 8, 1915. Of this order transferring the case the record shows that the complainant had due notice inasmuch as on June 4, 1915, he wrote a letter to the secretary of the district court asking a further postponement of the trial because of the amended complaint which accompanied the letter. The secretary duly filed the amended complaint. On the day set for the trial the defendants, through their attorney, appeared in court, moved that the amended complaint be eliminated, and for judgment. The court granted both motions and the complainant appealed.

The principal matter involved in this appeal turns on the interpretation of section 139 of the Code of Civil Procedure. This section, in the Spanish text, is as follows:

"*Cualquier alegación podrá enmendarse una vez por la parte que la haya presentado sin costas, en cualquier tiempo antes de presentarse la contestación o excepciones previas, o después de éstas y antes de juzgarse la cuestión de derecho planteada por la alegación que ha de enmendarse, etc., etc.*"

A careless examination of this provision of the code, as written in Spanish, might lead a party to believe that he had a right to amend as of course after answer filed, by reason of the somewhat ambiguous reference of the word *éstas,* which might be held to apply both to the words *contestación* or *excepciones previas.* Grammatically, however, the word *éstas* strictly applies to *excepciones previas,* and such a construction would also be the natural and logical one. A party may amend his complaint before answer or demurrer. He may also amend his complaint after demurrer, but not after

a decision on such demurrer.  Until the matter is submitted to the court a complainant has control over his pleading. After an issue of law is submitted to the court the amendment must be by leave of court, which is almost invariably granted after the sustaining of a demurrer.  But any doubt vanishes upon an examination of the English text, which is as follows:

"Any pleading may be amended once by the party of course, and without costs, at any time before answer or demurrer is filed, or after demurrer and before the trial of the issue of law thereon, by filing, etc."

There can be no controversy, then, that no complainant has a right to file an amended complaint without permission of court after a court has acted on a demurrer.  The complainant in this case apparently understood that after he had filed two amended complaints by leave of court on demurrer sustained he had not exhausted his right to amend the complaint "as of course."  The wording of section 139 excludes this proposition.

The complainant, then, having no right to amend his complaint, the last amended complaint sent to the secretary was so much waste paper; it had no legal existence as a pleading and the court was entitled to treat it as a nullity.  The defendants elected to move to strike it from the files, and if the complainant had chosen to be present on the day set for trial the court might have granted him some relief.  However, though notified of that trial he did not attend.  The appellant maintained that the court had no right to set the case for June 8 of its own motion after granting the motion of the complainant for a suspension.  We are inclined to think that the court has such a right, but in this case it appears, moreover, that the complainant himself asked for a postponement of the case after it had been set for trial, whether such a setting was in due order or not.  The court was entirely justified in disregarding the amended complaint

and rendering judgment for the defendants.   The complainant might still have asked for relief from the judgment, although we do not mean to say that the court should have granted such relief after an original complaint and two amended complaints had already been filed by the complainant.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.

A reconsideration was denied on January 28, 1916.